Weygandt, C. J.
The controlling facts are not in dispute.
*509 The sole question of law involved is whether separately installed taxicab taximeters and two-way radios are taxable as personal property used in business under the provisions of Section 5325-1, General Code (Section 5701.08, Revised Code), or áre exempt from that tax under the provisions of Section 5325, General Code (Section 5701.03, Revised Code), and Section 6292, General Code (Section 4503.04, Revised Code), which provide for motor vehicle license fees of ten dollars on each passenger car for the privilege of operating it on the highways of the state.
The company’s taxicabs are standard four-door, five-passenger vehicles except that they are equipped with heavier springs and heavier brake linings. The meters are required by city ordinance. The company itself buys and installs the meters and the two-way radios after the vehicles have been purchased. When the company disposes of a vehicle, the meter and radio must be removed before the sale can be made.
The company contends that the meters and radios are integral parts of the motor vehicles themselves and hence exempt from taxation as separate personal property. In other words, it is urged that the meters and radios are “inherently motor vehicle equipment,” as that term is employed in Section 6293, General Code (Section 4503.08, Revised Code), relating to the method for determining the weight of motor vehicles, and that hence the license fee of ten dollars includes the privilege of using the meters and radios as well as the vehicles.
The Board of Tax Appeals held that the installation of the meters and two-way radios does not make the vehicles more desirable as regular passenger cars; that the meters compute the fares of the taxicab passengers ; that the two-way radios expedite the service rendered by the taxicabs; that the meters and radios are not necessary parts of the mechanical equipment *510 of the vehicles as such; and that the sole function of the added meters and radios is to facilitate the operation of the company’s taxicab business.
This court is in accord with this reasoning and finds no basis for holding that the decision of the Board of Tax Appeals is unreasonable or unlawful.

Decision affirmed.

Middleton, Taet, Hart, Zimmerman and Lamneck, JJ., concur.